## Blossom Infants' Wear Corp. v. Soltoff, etc.

*Wexler & Weisman*, for plaintiff.

WINNET, J., October 23, 1942.—Plaintiff asks that defendant show cause why he should not be held in contempt of court. He recovered a judgment against defendant and issued execution process and the sheriff had duly posted bills for sale for August 5, 1942, at 10 a.m. At the appointed time defendant denied the sheriff access to the property levied upon and has since

continued to refuse to give access to the sheriff. Plaintiff claims that defendant by this conduct has contemptuously interfered with the business of this court and should be adjudged in contempt.

No appearance was filed for defendant and the brief for plaintiff merely contents itself by saying there has been no adjudication on the point involved and it would be a good principle to hold such persons in contempt as they are hindering and interfering with a legal process of the court. We are urged to adopt the analogy of receiverships in which courts have held in contempt persons interfering with the receiver's possession.

We are not persuaded, however, that the contempt principle should be extended to include this type of case. Historically it may be that any act which directly obstructs the course of justice, although done out of court, is in contempt of court. See 21 Harvard L. Rev. 163. A tenant who was duly summoned in court was held in contempt for failing to appear: Glanvill, bk. 1, c.xxxii (1187). A burgess was held to be guilty of contempt in failing to appear at the proper time before a borough court: 18 Selden Soc. Pub. 188 (1340). The contempt in these cases consisted of disobedience to the king's writ and seal. We cannot, however, rule in this age that the failure to admit the sheriff to conduct the sale was any disrespect to the court or its seal. Such conduct may constitute a crime under the Criminal Code of March 31, 1860, P. L. 382, sec. 8, 18 PS §257, for obstructing the execution of legal process. A contempt proceeding should be confined to any action either in open court or out of court which is clearly disobedient to any of the court's direct orders or to any unjustifiable conduct which directly tends to bring the court in disrepute.

The rule of plaintiff to show cause why defendant should not be held in contempt of court is discharged.